UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>) <br>Plaintiff, )<br>)<br>v. )<br>)<br>**Martin CORTES-Mendez** )<br>**(AKA: Agustin CONTRERAS-Mena)** )<br>)<br>Defendant. )<br>_____ ) | Magistrate Case No._____<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 18, U.S.C., Section 1544<br>Misuse of Passport;<br><br>Title 8, U.S.C., Section 1326<br>Attempted Entry After Deportation |

'08 MJ 2616

FILED 2008 AUG 25 AM 10:

The undersigned complainant being duly sworn states:

**Count I**

On or about **August 22, 2008**, within the Southern District of California, defendant **Martin CORTES-Mendez (AKA: Agustin CONTRERAS-Mena)**, did knowingly and willfully use a passport issued or designed for the use of another, with the intent to gain admission into the United States in the following manner, to wit: Defendant applied for entry to the United States by presenting U.S. Passport number **302110179**, issued to **Manuel Diaz**, to a Department of Homeland Security, Customs and Border Protection Officer, knowing full well that he was not **Manuel Diaz**, that the passport was not issued or designed for his use, and that he is not a United States citizen entitled to a U.S. Passport. All in violation of Title 18, United States Code, Section 1544.

**Count II**

On or about **August 22, 2008**, within the Southern District of California, defendant **Martin CORTES-Mendez (AKA: Agustin CONTRERAS-Mena)**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

SIGNATURE OF COMPLAINANT
Alfredo Loperena, Enforcement Officer
U.S. Customs and Border Protection

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **25**th DAY OF **AUGUST, 2008**.

Honorable, William McCurine Jr.
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

I, United States Customs and Border Protection (CBP) Enforcement Officer Eric M. Velazquez, declare under penalty of perjury the following to be true and correct:

On August 22, 2008 at about 2035 hours Martin CORTES-Mendez (AKA: Agustin CONTRERAS-Mena) (Defendant) was the driver and sole visible occupant of a green 1994 Saab 900S, waiting to apply for entry into the United States through the San Ysidro Port of Entry. The green Saab 900S was targeted by a Customs and Border Protection (CBP) Officer and his Service canine as the Officer performed pre-primary roving operations. The Service canine alerted to a trained odor originating from the cargo area of vehicle. Defendant was approached by a CBP Officer; Defendant gave the Officer a negative Customs declaration and presented a photo-altered United States passport bearing his photograph and the name Manuel Diaz. The CBP Officer subsequently handcuffed Defendant and escorted him to the security officer. A CBP Officer drove the vehicle to secondary for further inspection.

In secondary, CBP Officers discovered two Hispanic individuals concealed in the cargo area of the vehicle. Both individuals admitted being citizens of Mexico with no documents to enter or reside in the United States.

In secondary, it was also determined that Defendant was not the rightful owner of the United States passport he presented. Computer queries on the passport Defendant presented reveal the document has been reported lost/stolen by the U.S. Department of State. Defendant admitted his true name and admitted he is a citizen of Mexico with no entitlements to enter or reside in the United States.

Defendant was queried by fingerprint and photograph comparison through the Automated Biometric Identification System (IDENT). IDENT returned a match to the query, identifying Defendant as a deported alien and citizen of Mexico. Defendant's identity was verified by 10-digit fingerprint submission through the Integrated Automated Fingerprint Identification System (IAFIS). IAFIS linked Defendant to FBI and Immigration Service records.

Immigration Service records to include ENFORCE Alien Removal Module (EARM) identify Defendant as a deported alien. EARM information indicates that on or about November 2, 1995 an Immigration Judge ordered Defendant deported to Mexico and Defendant was physically removed from the United States through the Calexico Port of Entry on or about November 2, 1995. EARM information further reveals that Defendant was last removed to Mexico on or about June 10, 2008. Immigration Service records contain no evidence that Defendant has applied for or received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security to legally re-enter the United States.

EXECUTED ON THIS 23TH DAY OF AUGUST 2008 AT 02:00 PM.

_____
Eric M. Velazquez / CBP Enforcement Officer

On the basis of the facts presented in the Probable Cause Statement consisting of (1) page(s), I find probable cause to believe that the defendant named therein committed the offense on August 22, 2008 in violation of Title 8, United States Code, Section 1326 and Title 18, United States Code, Section 1544.

_____                    8/23/08 @ 11:15 a.m.
MAGISTRATE JUDGE                                    DATE / TIME

TOTAL P.03